# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA

v.

AHMAD KHILIA DANIELS

*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 06-30173-02

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
   ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
   ☐ an offense for which the maximum sentence is life imprisonment or death.
   ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
   ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
   ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
   ☐ under 18 U.S.C. § 924(c).
☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.
☑ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☐ clear and convincing evidence ☑ a preponderance of the evidence that

Defendant Daniels is a 34 year old, single unemployed male with weak family and community ties. On 10/20/90, defendant plead guilty to felony assault with intent to commit murder and was sentenced to a prison term of 12-20 years. He was released from prison on March 3, 2001 and was discharged from parole on March 3, 2003. On 1/7/90 he plead guilty to resisting and obstructing a police officer and was sentenced to 8 days confinement. Recently defendant has had multiple (6) addresses, some overlapping during a 3 year period. Defendant has been unemployed since his discharge of parole on 3/3/03. On 4/3/06 defendant was charged with violations of (Continued on page 2)

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| April 12, 2006 | s/ Mona K. Majzoub |
|---|---|
| *Date* | *Signature of Judge* |
| | MONA K. MAJZOUB UNITED STATES MAGISTRATE JUDGE |
| | *Name and Title of Judge* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

06-30173-02 USA V AHMAD KHILIA DANIELS     PAGE 2

21 U.S.C.(a)(1), 18 U.S.C. 922(G) and 18 U.S.C. 924 (C)  Distribution of Cocaine Base, Possession of Heroin with Intent to Distribute, Felon in Possession of a Firearm and Possession of a Firearm During a Drug Trafficking Crime.  Testimony was received that defendant Daniels was an occupant of the residence on Center Street (where co-defendant Wardlow was a resident).  Documents of Daniels' were found in an upstairs bedroom.  Daniels was present in the house at the time of the 3/24/06 search, which disclosed secreted drugs (7 ½ oz crack cocaine, 45 thimbles of heroin) and weapons (a Rossi .38 caliber handgun with an obliterated serial number, and Intertec 9 mm handgun, and a Saiga 410 shotgun) along with an electronic scale covered with field tested cocaine base, plastic baggies, paperwork describing Daniels as an ordained minister, and ammo,  among other things.
Testimony was received that Daniels was involved in the crack cocaine sale to the CI on 3/16/06, and in other drug transaction communications with the CI.  The seriousness of these charges renders the defendant both a risk of flight and a danger to the community; thus detention is ordered to secure his appearance and the safety of the community.