UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

AHMAD KHILIA DANIELS and
DURRELL MATTHEWS,

    Defendants.
_____/

Case No. 06-20234

Hon. John Corbett O'Meara

## **OPINION AND ORDER**

Before the court are ten motions filed by Defendant Ahmad Daniels, all submitted on December 20, 2007: (1) Motion to Sever to Enforce Right to Speedy Trial; (2) Motion to Dismiss the Second Superseding Indictment as a Vindictive Prosecution; (3) Motion to Revoke Order of Detention because of Violation of Due Process; (4) Second Renewed Motion for Discovery and Inspection (Defendant Durrell Matthews filed joinder); (5) Second Motion for Notice of 404(b) Evidence (Matthews filed joinder); (6) Renewed Motion for Disclosure of All Statements which the Government Will Seek to Attribute to Defendant; (7) Second Renewed Motion for Disclosure and Production of Government Informant(s) and for Disclosure of *Brady* Materials Relating to Informant (Matthews filed joinder); (8) Renewed Motion for Redaction of Statements (Matthews filed joinder); (9) Motion in Limine to Exclude All Evidence of Co-Defendant's Threats and Solicitations of a "Hit-Man" (Matthews filed joinder); and (10) Second Motion in Limine to Exclude Evidence of Defendant's Prior Conviction. The government filed responses to each motion on January 24, 2008. The court heard oral argument on January 31,

2008, and rules as set forth below.

## BACKGROUND FACTS

Defendant Ahmad Daniels was indicted on May 4, 2006, on charges of felon in possession of a firearm and possession with intent to distribute a controlled substance. The first superseding indictment, which added Defendant Nequita Jackson and a drug conspiracy charge, was filed on November 22, 2006. On October 5, 2007, a second superseding indictment was obtained, which added three co-defendants and expanded the time frame of the drug conspiracy charges against Defendant Daniels. Durrell Matthews was one of the defendants added; another defendant, Rodney Hollis, is a fugitive.

## LAW AND ANALYSIS

**I.     Motion to Sever to Enforce Right to Speedy Trial**

Daniels requests a separate trial in order to enforce his speedy trial rights.[1] Daniels complains that he has been in custody for 21 months and that his speedy trial clock is "stalled indefinitely" pending the arraignment of Defendant Hollis, a fugitive. In response, the government asserts that it "has not requested any delay" based upon Hollis's fugitive status. The government also notes that judicial economy favors a joint trial, and if separate trials are ordered, much of the same evidence will be presented twice.

Rule 8(b) of the Federal Rules of Criminal Procedure permits the government to charge two or more defendants in an indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions constituting an offense or offenses." Rule 14, however, permits relief from prejudicial joinder as follows:

---

[1] Daniels does not allege that there has been a Speedy Trial Act violation.

> If the joinder of offenses and defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

The United States Supreme Court has advised that "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence," and that "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." Zafiro v. United States, 506 U.S. 534, 539 (1993). "When a defendant seeks a severance, he has a heavy burden of showing specific and compelling prejudice, and the denial of a motion to sever will be overruled on appeal only for a clear abuse of discretion." United States v. Harris, 9 F.3d 493, 500 (6th Cir. 1993).

At this time, Daniels cannot demonstrate that a joint trial will cause him "specific and compelling prejudice." As discussed below, however, the court is concerned about the length of Daniels's pretrial detention. Trial is currently scheduled for April 22, 2008. If the trial does not proceed as scheduled, the court will reconsider Daniels's motion to sever in light of its concerns regarding Daniels's pretrial detention. At this time, however, the court will deny Daniels's motion to sever without prejudice.

**II.    Motion to Dismiss the Second Superseding Indictment as a Vindictive Prosecution**

Daniels contends that the second superseding indictment should be dismissed as a "vindictive prosecution." According to Daniels, the government brought additional charges against him in retaliation for Daniels's insistence on going to trial. The government counters that two of Daniels's co-defendants, Labaron Wardlaw and Nequita Jackson, plead guilty in

August 2007. As a result of the information provided by these defendants, the government was able to file the second superseding indictment on October 5, 2007.

The Sixth Circuit discussed the analysis of a vindictive prosecution claim as follows:

> There are two approaches to showing prosecutorial vindictiveness: A defendant can show "actual vindictiveness," by producing "objective evidence that a prosecutor acted in order to punish the defendant for standing on his legal rights," or the Court can find a presumption of vindictiveness by applying the "realistic likelihood of vindictiveness," standard which focuses on the prosecutor's "stake" in deterring the exercise of a protected right and the unreasonableness of his actions.

United States v. Poole, 407 F.3d 767, 774 (6th Cir. 2005) (citations omitted). In this case, there is no evidence of actual vindictiveness or unreasonable behavior on the part of the prosecutor. The government asserts that it was able to bring additional charges against Daniels based upon the cooperation and information provided by his co-defendants. Daniels does not provide evidence that the government's reason is unworthy of belief or that the government has acted in an unreasonable manner. The court will deny Defendant's motion.

### III. Motion to Revoke Order of Detention because of Violation of Due Process

Daniels argues that his pretrial detention, which has lasted approximately 21 months so far, violates his due process rights. Daniels has been detained since April 4, 2006. Daniels contends that there "is no end in sight" to his detention because one of his co-defendants is a fugitive and there was no pending trial date at the time the motion was filed. The government responds that Daniels is being detained because he is a danger to the community. The government further contends that some of the pretrial delay is attributable to Daniels and that it does not intend to delay the proceedings based upon the fugitive status of Rodney Hollis.

At some point, the length of pretrial detention raises due process concerns. The due

process clause of the Fifth Amendment prohibits the imposition of punishment prior to trial. See Bell v. Wolfish, 441 U.S. 520, 535.  A valid pretrial detention "assumes a punitive character when it is prolonged significantly." United States v. Theron, 782 F.2d 1510, 1516 (10th Cir. 1986).  The court must analyze due process claims on a case-by-case basis, because "due process does not necessarily set a bright line limit for length of pretrial confinement." United States v. Gonzales Claudio, 806 F.2d 334, 340 (2d Cir. 1986).  "Though the duration of confinement is obviously the central focus of our inquiry, we also consider the extent to which the prosecution bears responsibility for the delay that has ensued and the strength of the evidence indicating risk of flight." Id.; cited with approval in United States v. Yee, 900 F.2d 261 (6th Cir. 1990) (unpublished).  The court's finding that a defendant is dangerous and that pretrial detention is warranted under the Bail Reform Act does not preclude a finding that a defendant's due process rights have been violated by a prolonged pretrial detention.  See United States v. Gatto, 750 F. Supp. 664, 673 (D. N.J. 1990) ("Despite defendants' dangerousness, the issue which must be resolved is whether the due process clause requires bail be set for these defendants at this time.").

The significant length of Daniels's 21-month pretrial detention raises due process concerns and weighs in favor of his release.  See Gatto, 750 F. Supp. at 675 (fifteen months pretrial detention weighed in favor of release, despite dangerousness of defendants and complexity of case); Gonzales Claudio, 806 F.2d at 340-41 (fourteen months of pretrial detention scheduled to last approximately two years before trial is complete weighed in favor of release).

The prosecution bears some responsibility for the pretrial delay in this case.  Granted, Daniels has changed attorneys twice and has filed a few rounds of pretrial motions.  However, at

least three trial dates have been adjourned as a result of the government's conduct. Daniels alleges that the July 11, 2006 trial date was adjourned because defense counsel did not receive all of the discovery until July 10, 2006. The November 28, 2006 trial date was adjourned because the government brought a first superseding indictment on November 22, 2006. The court permitted the adjournment of the October 9, 2007 trial date (over Daniels's objection) as a result of the filing of the second superseding indictment on October 5, 2007.

Although the government's conduct does not evidence negligence or bad faith, it nonetheless may weigh in favor of Daniels's release.

> We need not determine with precision the amount of pretrial delay attributable to the prosecution, nor assess the extent to which the Government may have been at fault in contributing to the delay. It suffices for present purposes to conclude that the Government, even if not deserving of blame, bears a responsibility for a portion of the delay significant enough to add considerable weight to the defendants' claim that the duration of detention has exceeded constitutional limits.

Gonzales Claudio, 806 F.2d at 342-43 (government delayed several months in providing translations of tapes and discovery). Cf. United States v. Zannino, 798 F.2d 544, 549 (1st Cir. 1986) (upholding sixteen-month detention where government "has done all it could" to bring defendant to trial and delay was primarily due to defendant's physical inability to stand trial).

With respect to the risk of flight factor, this court has already determined that Daniels is a flight risk due to the seriousness of the charges, the fact that he was unemployed, had weak community and family ties, lived at multiple addresses over the past three years, and had a previous conviction for a violent offense. This does not end the inquiry for due process purposes, however.

> [T]hough we have concluded that the District Judge's findings of

> underlying historical facts and the consequent factual
> determination of risk of flight are not clearly erroneous and we
> therefore accept them, we are entitled to apply a broader standard
> of review in determining the extent to which the facts regarding
> risk of flight, as found by the District Court, have significance on
> the constitutional issue of whether continued detention violates due
> process limitations. *In that inquiry, what is significant is the
> absence of any prior acts specifically evidencing likelihood of
> flight. There is no finding and no evidence that either appellant
> has ever fled from lawful authority or failed to honor court orders.*

Gonzales Claudio, 806 F.2d at 343 (emphasis added, citations omitted). In this case, too, there is no evidence that Daniels has ever fled from lawful authority or failed to honor court orders.

On balance, the factors discussed above appear to weigh in favor of Daniels's release, despite the risk of flight. See id. However, trial in this matter has been set for April 22, 2008. In light of the pending trial date, the seriousness of the charges, and the risk of flight, the court will deny Daniels's motion for bond at this time, without prejudice. If trial does not proceed as scheduled the court will reconsider the motion for bond, along with the motion for severance, as discussed above.

**IV.     Discovery Motions**

At the hearing, the parties agreed that the following motions are moot: Second Renewed Motion for Discovery and Inspection; Second Motion for Notice of 404(b) Evidence; Renewed Motion for Disclosure of All Statements which the Government Will Seek to Attribute to Defendant; Second Renewed Motion for Disclosure and Production of Government Informant(s) and for Disclosure of *Brady* Materials Relating to Informant; and Renewed Motion for Redaction of Statements.

**V.     Motion in Limine to Exclude All Evidence of Co-Defendant's Threats and**

### Solicitation of a "Hit-Man"

Daniels requests that the following be excluded from evidence at trial: (1) Defendant Wardlaw's alleged threats of fire bombing and homicide against the Blood Gang; and (2) Wardlaw's alleged recruiting of a "hit-man" on behalf of his attorney, George Lyons. Daniels contends that this evidence is not relevant and is unduly prejudicial pursuant to Fed. R. Evid. 402 and 403. The government contends that Wardlaw's statements are that of a co-conspirator and are relevant to the extent and context of the conspiracy. The court will deny this motion without prejudice to see how these statements fit in to the context of the trial testimony.

### X. Second Motion in Limine to Exclude Evidence of Prior Conviction

Daniels seeks to exclude evidence of his prior conviction of assault with intent to commit murder. Daniels acknowledges that the conviction is relevant to his felon in possession charge. He will stipulate to being a "felon." The government states that it will only use evidence of the type of conviction if Daniels testifies. See Fed. R. Evid. 609. Daniels states that the use of the conviction, which is more than ten years old, is more prejudicial than probative. The court will deny the motion without prejudice to see how this issue arises in the context of the trial.

### ORDER

IT IS HEREBY ORDERED that the Motion to Sever to Enforce Right to Speedy Trial [dkt. # 158] is DENIED WITHOUT PREJUDICE.

It is further ORDERED that the Motion to Dismiss the Second Superseding Indictment as a Vindictive Prosecution [dkt. # 165] is DENIED.

It is further ORDERED that the Motion to Revoke Order of Detention because of Violation of Due Process [dkt. # 163] is DENIED WITHOUT PREJUDICE.

It is further ORDERED that the Second Renewed Motion for Discovery and Inspection [dkt. # 157] is DENIED AS MOOT.

It is further ORDERED that the Second Motion for Notice of 404(b) Evidence [dkt. # 161] is DENIED AS MOOT.

It is further ORDERED that Renewed Motion for Disclosure of All Statements which the Government Will Seek to Attribute to Defendant [dkt.# 164] is DENIED AS MOOT.

It is further ORDERED that Second Renewed Motion for Disclosure and Production of Government Informant(s) and for Disclosure of *Brady* Materials Relating to Informant [dkt. # 156] is DENIED AS MOOT.

It is further ORDERED that the Renewed Motion for Redaction of Statements [dkt. # 162] is DENIED AS MOOT.

It is further ORDERED that the Motion in Limine to Exclude All Evidence of Co-Defendant's Threats and Solicitations of a "Hit-Man" [dkt. # 160] is DENIED WITHOUT PREJUDICE.

It is further ORDERED that the Second Motion in Limine to Exclude Evidence of Defendant's Prior Conviction [dkt. # 159] is DENIED WITHOUT PREJUDICE.

s/John Corbett O'Meara
United States District Judge

Date: February 6, 2008

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, February 6, 2008, by electronic and/or ordinary mail.

                                                s/William Barkholz
                                                Case Manager