UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                                 Criminal Case No. 06-20234

v.                                                        Honorable John Corbett O'Meara

AHMAD KHILIA DANIELS,

    Respondent.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO VACATE JUDGMENT AND GRANT NEW TRIAL PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 33

This matter comes before the court on Defendant, Ahmad Khilia Daniels' motion to vacate judgment and grant new trial, pursuant to Fed. R. Crim. P. 33, filed May 29, 2008. Daniels was convicted on April 29, 2008, following a jury trial on federal criminal charges of drug conspiracy and distribution, and firearms violations.

Daniels now requests that this court vacate the jury verdict and order a new trial for the following reasons: (1) the verdict was against the manifest weight of the evidence; (2) the court's rulings regarding the admissibility of the sentencing worksheet exhibits denied Defendant his right to confront government witnesses; (3) the court abused its discretion when it allowed the government to introduce Defendant's written statement into evidence; (4) the court erred when it failed to instruct the jury as to the weight of testimony by law enforcement officers and the defense of "mere presence"; and (5) the cumulative effect of these alleged errors denied Daniels a fair trial.[1] For the following reasons, this court denies Defendant's motion.

---

[1] Fed. R. Crim. P. 33(b)(2) requires Defendant to file a motion to vacate the judgment within seven days of the verdict, unless the motion is based on newly discovered evidence. However, in this instance the court granted Defendant's oral motion to enlarge the time for filing post-trial motions by 30 days. Accordingly, the court has jurisdiction to consider the merits of Defendant's Rule 33 motion.

**I.    STANDARD OF REVIEW**

The court "may grant a new trial may grant a new trial to . . . defendant if required in the interest of justice." Fed. R. Crim. P. 33; United States v. Davis, 15 F.3d 526, 531 (6th Cir. 1994). The Defendant bears the burden of proving to this court that it should exercise its discretion and grant a new trial. Davis, 15 U.S.C. at 531.

**II.   LAW AND ANALYSIS**

    **A.  The verdict was consistent with the manifest weight of the evidence.**

Defendant asserts that the Government's co-defendant witnesses were "inherently incredible" because their testimony was mostly in the form of affirmative and negative responses to the Government's leading questions. Daniels argues that the testimony was, in essence, the government's testimony and not that of the witnesses. However, the testimony of the co-defendant witnesses was corroborated by that of law enforcement witnesses and the evidence gathered during the investigation into this matter. As a whole, the evidence against Daniels was consistent and overwhelmingly in favor of a guilty verdict. See Tibbs v. Florida, 457 U.S. 31, 42 (1982).

    **B.  The court's evidentiary findings regarding the admissibility of the sentencing worksheets exhibits did not deny Defendant his Sixth Amendment right to confront government witnesses.**

Defendant claims the court issued contradictory rulings regarding the admission of the sentencing worksheets of each co-defendant witness. As the record reflects, the court was consistent in allowing the worksheets into evidence, as well as the plea agreements of each co-defendant witness. Only the precise nature of their prior convictions were redacted from the record. Further, the record is clear that Defendant was able to vigorously question and cross-examine each co-defendant witness on their knowledge and roles in the crimes, motives for cooperation, and their previous convictions.

### C. Defendant should not be granted a new trial because the court allowed Defendant's written statement into evidence.

The document at issue is titled "MicroCapitalism (Inside the mind of the neighborhood drug dealer) (sic), also known as Exhibit 37. Although the Defendant unsuccessfully moved in limine to exclude the document, he did not object to the inclusion of the exhibit during the trial. In fact, Defendant Daniels asked that the government read into evidence the entire exhibit and, in closing, asked the jury to examine the document in their deliberations.

### D. The court's instructions to the jury were sufficient in regards to the topics of the weight accorded to the testimony of law enforcement officers and to the defense of "mere presence."

Defendant Daniels argues that the court failed to properly instruct the jury on the weight it should afford the testimony of law enforcement officers and the definition of a "mere presence" defense, in part because the court did not adopt Defendant's proposed instructions on these topics. However, the topics were sufficiently covered. In both instances, the court used the Sixth Circuit Pattern Criminal Jury Instruction, see §§ 1.07; 2.10, 11; 12.01 (2005); see also United States v. Gibbs, 182 F.3d 407, 432 (6th Cir. 1999) (refusal by a court to give a requested jury instruction is reversible error if the instruction is (1) a correct statement of law; (2) was not substantially covered by the instructions given to the jury; and (3) concerns a point so important to trial that the failure to give the instruction substantially impaired the defense). In this instance, the instructions given to the jury substantially covered the topics at issue.

### E. The jury's verdict should not be vacated because the Defendant received a fair trial.

Defendant argues that even if the errors he cites were harmless by themselves, their cumulative effect denied him a fair trial. The record clearly shows that Defendant received a fair trail. That is, he was able to mount a defense to the charges against him, cross-examine the government's witnesses, and present evidence to support his defense. All of which occurred before a jury of his peers, who after deliberation convicted Daniels on each of the charges he faced.

For these reasons, **IT IS HEREBY ORDERED** that Defendant's motion to vacate judgment and grant a new trial, pursuant to Fed. R. Crim. P. 33, filed on May 29, 2008 is **DENIED.**

          s/John Corbett O'Meara
          United States District Judge

Date:  June 11, 2008

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, June 11, 2008, by electronic and/or ordinary mail.

          s/William Barkholz
          Case Manager