UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

   Plaintiff,

                                            Case No. 06-20234

v.

                                            Hon. John Corbett O'Meara

AHMAD KHILIA DANIELS,

   Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION TO MODIFY THE TERMS OF IMPRISONMENT AND
MOTION FOR APPOINTED COUNSEL**

    Before the court is Defendant Ahmed Khilia Daniels's motion for reduction of sentence, filed on May 31, 2013. The government filed a response to Defendant's motion on June 17, 2013. In accordance with the government's response, on July 17, 2013, the court held Defendant's motion in abeyance until the Sixth Circuit Court of Appeals could rehear *en banc U.S. v. Blewett*—the basis for Defendant's motion. *U.S. v. Blewett*, 719 F.3d 482 (6th Cir. 2013), *vacated en banc*, No. 12-5226/5582, 2013 WL 6231727 (6th Cir. 2013); *cert. denied*, 2014

WL 859676 (U.S. Mar. 31, 2014).  For the reasons stated below, the court denies Defendant's motion for reduction of sentence.

On April 29, 2008, a jury convicted Defendant on three drug-related charges: (1) conspiracy to possess with the intent to distribute and to distribute controlled substances, in violation of 21 U.S.C. § 846; (2) distribution of cocaine base and aiding & abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; (3) possession with intent to distribute cocaine base and aiding & abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  And lastly, Defendant was convicted of violating 18 U.S.C. § 922(g)(1), felon in possession of a firearm.  Based on those violations, on February 3, 2009, the court sentenced Defendant to 262 months.

Currently, Defendant seeks resentencing under the Fair Sentencing Act of 2010 and the amended sentencing guidelines citing *Blewett* as the authority for retrospective application.  As a general rule, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c).  But § 3582(c) provides an exception for defendants who were "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2).

As to the retroactive application of the Fair Sentencing Act of 2010 and related sentencing guidelines, the provisions are inapplicable to defendants sentenced prior to the effective date—according to the *en banc Blewett* holding. 124 Stat. 2372; *Blewett*, 2013 WL 6231727, at *2; U.S.S.G. § 2D1.1(c).  "In our view: (1) the Fair Sentencing Act's new mandatory minimums do not apply to defendants sentenced before it took effect; (2) § 3582(c)(2) does not provide a vehicle for circumventing that interpretation; and (3) the Constitution does not provide a basis for blocking it." *Blewett*, 2013 WL 6231727, at *2.

Moreover, this court previously found and sentenced Defendant in accordance with possessing ten kilograms of cocaine base.  Even if Defendant was resentenced, the sentence would carry a mandatory minimum of ten years, not five years as Defendant argues. *See Blewett*, 2013 WL 6231727, at *1 (280 grams of cocaine base triggers mandatory ten year minimum).

Lastly, Defendant filed on April 12, 2013, a motion to remove and reappoint counsel.  More specifically, Defendant seeks to have this court appoint counsel for an appeal to the United States Supreme Court.  Defendant, however, does not have the right to appointed counsel for the appeal.  Review by the United States Supreme Court is discretionary. *Ross v. Moffitt*, 417 U.S. 600, 617 (1974). Furthermore, a "defendant does not have the constitutional right to counsel to

pursue discretionary [ ] appeals or applications for review in [the Supreme] Court."

*Wainwrite v. Torna*, 455 U.S. 586, 587 (1982).

Therefore, IT IS HEREBY ORDERED that Defendant's April 12, 2013 motion to remove and reappoint counsel is DENIED.  IT IS FURTHER ORDERED that Defendant's May 31, 2013 motion for reduction of sentence is DENIED.

Date: May 1, 2014                             s/John Corbett O'Meara
                                              United States District Judge


I hereby certify that a copy of this order was served upon the parties of record on May 1, 2014 using the ECF system, and /or by first-class U.S. mail.


                                              s/William Barkholz
                                              Case Manager