UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,               Criminal No. 06-20234
                                                   Civil No. 14-13557
v.

                                                  Hon. John Corbett O'Meara

AHMAD DANIELS,

    Defendant/Petitioner.
_____/

**OPINION AND ORDER DENYING MOTION
TO VACATE SENTENCE UNDER 28 U.S.C. § 2255**

Before the court is Petitioner Ahmad Daniels's motion to vacate sentence pursuant to 28 U.S.C. § 2255, filed September 11, 2014. The government submitted a response on November 6, 2014; Petitioner filed a reply brief on November 24, 2014.

**BACKGROUND FACTS**

This case involves a drug-trafficking conspiracy. Following a jury trial, on April 29, 2008, Petitioner was convicted of conspiracy to distribute a controlled substance, among other drug and firearms offenses. He was sentenced on February 3, 2009, to 262 months in prison. After Petitioner appealed his sentence, the Sixth Circuit remanded the case for re-sentencing. On June 21, 2011, the court re-sentenced Petitioner to 262 months of imprisonment. Petitioner appealed and the

Sixth Circuit affirmed his sentence. The U.S. Supreme Court denied Petitioner's petition for a writ of certiorari on October 9, 2013.

## LAW AND ANALYSIS

Petitioner seeks habeas relief pursuant to 28 U.S.C. § 2255 based upon a claim of ineffective assistance of counsel. Specifically, Petitioner contends that his counsel was ineffective for (1) failing to make a Batson challenge during jury selection and (2) because the court considered evidence of drug amounts at the time of re-sentencing that was not presented to the grand jury.

In order to establish a violation of the Sixth Amendment right to effective assistance of counsel, Petitioner must demonstrate that "counsel's performance was deficient . . . [and] that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). In determining whether counsel's performance was deficient,

> [t]he court must . . . determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . . . At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Strickland, 466 U.S. at 690. See also id. at 689 ("There are countless ways to provide effective assistance in any given case. Even the best criminal defense

attorneys would not defend a particular client in the same way."). The defense was prejudiced if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Counsel is not ineffective for failing to make a meritless or futile objection. See Harris v. United States, 204 F.3d 681, 683 (6th Cir. 2000).

With respect to Petitioner's jury selection claim, counsel's performance was not deficient. Petitioner contends that his counsel should have objected to the dismissal of two African-American jurors. Petitioner's trial counsel properly did not assert a Batson challenge because these jurors were not dismissed as a result of peremptory challenges exercised by the government. See Batson v. Kentucky, 476 U.S. 79, 96-97 (1986) (addressing prosecutor's intentional discrimination in jury selection by using peremptory challenges to remove African-American jurors). Rather, these jurors were dismissed by the court for cause. Juror No. 3, Ms. Barksdale, indicated that she could not be fair and impartial because her father-in-law was a retried police chief in Flint. See 4/22/08 TR at 50-56, 69. Juror No. 5, Ms. Powell, was excused because she had a vacation scheduled. See 4/22/08 TR at 87,102-103, 108-110.

Petitioner suggests that his counsel should have objected that there were no African-Americans on the petit jury. However, Petitioner was "not entitled to a

jury of any particular composition – only to a panel from which distinctive groups were not 'systematically excluded.'" United States v. Allen, 160 F.3d 1096, 1103 (6th Cir. 1998). Petitioner has not provided evidence that African-Americans were systematically excluded from the jury-selection process or that the jury venire did not represent a "fair cross-section" of the community. Id. Absent such evidence, his attorney was not ineffective by failing to object to the racial make-up of the jury. See also United States v. Bates, 2009 WL 5033928 (E.D. Mich. Dec. 15, 2009) (although African-Americans are under-represented, they are not systematically excluded by Eastern District of Michigan jury selection process); United States v. Ferguson, 863 F. Supp.2d 661, 670 (E.D. Mich. 2012) (finding "the method for selecting juries in this district, while not perfect, comports with the Constitution and the Jury Selection and Service Act").

With respect to Petitioner's drug quantity claim, his counsel was also not ineffective. Petitioner argues that his counsel was ineffective for failing to object to the court's consideration of evidence about drug amounts at the time of re-sentencing that were not presented to the grand jury. The court initially sentenced Petitioner to 262 months in prison. However, the Sixth Circuit reversed, noting that the court did not make a particularized finding as to the drug quantity upon which the sentence was based.

Upon re-sentencing, the court found Petitioner responsible for ten kilograms of cocaine base. At the time, Petitioner's counsel filed a sentencing memorandum which argued that there was no evidence tying him to that drug quantity, and that at most Petitioner was responsible for seventeen grams of cocaine. Making the same argument, Petitioner also appealed his sentence. The Sixth Circuit affirmed, finding that "the court made a conservative drug-quantity estimate supported by competent evidence." United States v. Daniels, 506 Fed. Appx. 399, 399 (6th Cir. 2012).

The record demonstrates that Petitioner's counsel effectively presented objections regarding the drug quantity estimate to the trial court and appeals court. Although these objections were ultimately found to be without merit, there is no indication in the record that counsel performed in a constitutionally deficient manner.

## ORDER

For these reasons, IT IS HEREBY ORDERED that Petitioner Ahmad K. Daniels's motion to vacate sentence is DENIED.

                                                                  s/John Corbett O'Meara
                                                                  United States District Judge

Date: December 18, 2014

      I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, December 18, 2014, using the ECF system and/or ordinary mail.

                                       s/William Barkholz
                                       Case Manager