UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v

    Case No. 06-cr-20234

    HON. MARK A. GOLDSMITH

AHMAD KHILIA DANIELS,

    Defendant.

_____/

**OPINION & ORDER**
**GRANTING DEFENDANT'S MOTION TO SUPPLEMENT (Dkt. 385) AND GRANTING IN PART AND RESERVING RULING IN PART ON DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE (Dkt. 384)**

This matter is before the Court on Defendant Ahmad Khilia Daniels's motion for reduction of sentence under the First Step Act of 2018 (Dkt. 384) and motion to supplement his motion for reduction in sentence (Dkt. 385). For the reasons that follow, the Court grants Daniels's motion to supplement, and grants in part and reserves ruling in part on his motion for reduction of sentence. Because the Court concludes that Daniels is eligible for relief under the First Step Act, the parties are directed to submit supplemental briefing regarding the appropriate sentence.[1]

### I. BACKGROUND

On April 29, 2008, Daniels was convicted by a jury of the following four charges: (i) conspiracy to possess with intent to distribute, and to distribute, over 50 grams of cocaine base, in violation of 21 U.S.C. § 846 (Count I); (ii) aiding and abetting distribution of over 5 grams of cocaine base, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1) (Count II); (iii) aiding and

---

[1] This matter was originally assigned to the Honorable John O'Meara, and was later reassigned to the undersigned on January 24, 2019, upon Judge O'Meara's retirement. Judge O'Meara presided at Daniels's trial, initial sentencing, and resentencing after remand following his first appeal.

abetting possession with intent to distribute more than 50 grams of cocaine base, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1) (Count III); and (iv) felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count IV). See Jury Verdict Form (Dkt. 229). In rendering its verdict, the jury found beyond a reasonable doubt that Counts I and III involved more than 50 grams of cocaine base, while Count II involved more than 5 grams of cocaine base.

Daniels was sentenced on February 6, 2009. Under the version of 21 U.S.C. § 841(b) in effect at that time, Daniels was subject to a mandatory statutory penalty range of ten years' to life imprisonment on Counts I and III, for violations involving 50 grams or more of cocaine base.[2] On Count II, the statutory range was five to forty years' imprisonment for violations involving 5 grams or more of cocaine base. Within these statutory ranges, the Court found Daniels's guidelines range to be 262 to 327 months. Sentencing Hr'g Tr. at 13 (Dkt. 291). This guidelines range was premised on Daniels's criminal history category of II, and a finding in the presentence report that Daniels was responsible for more than 1.5 kilograms, but less than 4.5 kilograms, of cocaine base. See Gov't Sentencing Mem. at 3 (Dkt. 275). The Court accepted this quantity finding without further analysis, resulting in a base offense level of 36 and a total offense level of 38, which reflected a two-level enhancement for possession of a dangerous weapon. Id.; Sentencing Hr'g Tr. at 13. The Court sentenced Daniels to 262 months' imprisonment for the first three counts and to 120 months' imprisonment on Count IV, to be served concurrently. Judgment (Dkt. 278).

Daniels appealed his sentence, and the Sixth Circuit remanded the action to the district court to make particularized findings regarding the quantity of cocaine base for which Daniels was responsible, and to set forth the reasons for that finding. See United States v. Daniels, 396 F. App'x 257, 262 (6th Cir. 2010). During a resentencing hearing held on June 21, 2011, the Court

---

[2] The penalties set forth under 21 U.S.C. § 841(b) apply to offenses under both §§ 841(a) and 846.

stated on the record that Daniels was responsible for 10 kilograms of cocaine base. Resentencing Hr'g Tr. at 4 (Dkt. 336). Given the quantity at issue, Daniels's new sentencing guidelines range was 324 to 405 months' imprisonment. Id. at 11. Declining to impose a greater sentence following Daniels's appeal, the Court re-imposed its original sentence of 262 months' imprisonment for Counts I through III, and 120 months' imprisonment for Count IV, to be served concurrently. Id. at 11-12; Am. Judgment (Dkt. 316). The Sixth Circuit affirmed the Court's findings regarding quantities, and the corresponding sentence, on appeal. See United States v. Daniels, 506 F. App'x 399, 399-400 (6th Cir. 2012).

In 2010, Congress passed the Fair Sentencing Act, Pub L. No. 111-220, 124 Stat. 2372, which was aimed at reducing the sentencing disparities between offenses involving crack and powder cocaine. United States v. Blewett, 746 F.3d 647, 649 (6th Cir. 2013). Specifically, the Fair Sentencing Act increased the threshold quantities of cocaine base necessary to trigger the mandatory statutory penalty ranges set forth in 21 U.S.C. § 841(b). As relevant to the present action, it increased the quantity necessary to trigger the harshest penalty of ten years' to life imprisonment from 50 grams to 280 grams or more. 21 U.S.C. § 841(b)(1)(A); Fair Sentencing Act § 2(a)(1). It also increased the quantity necessary for a penalty of five to forty years' imprisonment from 5 grams to 28 grams or more. 21 U.S.C. § 841(b)(1)(B); Fair Sentencing Act, § 2(a)(2).

Initially, the Fair Sentencing Act did not apply retroactively. Blewett, 746 F.3d at 649. In 2018, however, Congress passed the First Step Act, Pub. L. No. 115-391, § 404, 132 Stat. 5194, which made the Fair Sentencing Act's statutory penalty modifications retroactive. Section 404(b) of the First Step Act expressly authorizes courts to impose reduced sentences for defendants convicted of "covered offenses," as if the Fair Sentencing Act had been in effect at the time the

3

covered offense was committed. A "covered offense" means a violation of a federal criminal statute, for which the statutory penalties were modified under the Fair Sentencing Act. Pub. L. No. 115-391, § 404(a).

Because Daniels was convicted of offenses under 21 U.S.C. §§ 841(a)(1) and 846, the statutory penalties for which were modified under the Fair Sentencing Act, he has filed a motion for reduction of sentence under the First Step Act. See Def. Supp. Br. (Dkt. 391). The Government opposes his motion (Dkt. 396).

## II. ANALYSIS

### A. Motion to Supplement

In his motion to supplement, Daniels seeks simply to clarify that his motion for reduction of sentence seeks relief under Section 404 of the First Step Act. This motion is granted, and the Court will evaluate Daniels's eligibility for relief under that section of the First Step Act.

### B. Eligibility Under the First Step Act

Under the First Step Act, "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Pub. L. No. 115-391, § 404(b). A "covered offense," in turn, is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." Id. § 404(a). The parties dispute Daniels's eligibility for relief under the First Step Act—specifically, they contest whether he was convicted of a "covered offense," as defined under the Act.

In Daniels's view, because he was convicted under 21 U.S.C. §§ 841(a) and 846, statutes for which the penalties were modified under the Fair Sentencing Act, he is eligible for a reduction

4

of sentence under the First Step Act. Def. Supp. Br. at 8. Daniels contends that eligibility for relief under the First Step Act is determined by reference to the statute of conviction and the quantity of drugs charged in the indictment, as opposed to findings made by a judge in determining the appropriate guidelines range. Id. at 8-9. Daniels was convicted of two offenses involving over 50 grams of cocaine base, and one offense involving over 5 grams of cocaine base. Because the statutory penalty ranges for offenses involving these quantities were modified under the Fair Sentencing Act, Daniels maintains they constitute "covered offenses."

By contrast, the Government asserts that eligibility for relief under the First Step Act is to be determined by reference to a defendant's specific conduct violating a criminal statute rather than the statute itself. Gov't Resp. at 6. In the Government's view, the quantity of drugs involved—and, therefore, the corresponding statutory penalty range—must be determined by reference to the record as a whole, including findings made by the court during sentencing. See id. at 6-8. Because the Fair Sentencing Act did not modify the statutory penalties applicable to offenses involving more than 280 grams of cocaine base, the Government maintains that defendants, like Daniels, found responsible during sentencing for quantities in excess of 280 grams are ineligible for relief under the First Step Act. Id. at 9. Otherwise, the Government argues, defendants who trafficked 280 grams or more of cocaine base before the Fair Sentencing Act was enacted—but who were charged with trafficking only 50 grams or more—would be subject to lower statutory penalties than those who did so after that date. Id.

The Sixth Circuit recently confronted the same dispute in United States v. Boulding, – F.3d – , 2020 WL 2832110 (6th Cir. June 1, 2020). In Boulding, the defendant was convicted by a jury of conspiracy to distribute, and to possess with intent to distribute, 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1), and possession with intent to distribute

5

5 grams or more of cocaine base, in violation of §§ 841(a)(1). Id. at *1. During the sentencing, the court found the defendant responsible for 650.4 grams of cocaine base. Id. The Sixth Circuit rejected the Government's position that a defendant found responsible at sentencing for more than 280 grams of crack cocaine would be ineligible for a reduced sentence under the First Step Act. Id. at *6. Instead, "eligibility for resentencing under the First Step Act turns on the statute of conviction alone." Id. Thus, the Sixth Circuit affirmed the district court's conclusion that the defendant was eligible for resentencing under the First Step Act. Id. at *9.

Additionally, the Sixth Circuit rejected the Government's argument that defendants who trafficked crack cocaine before enactment of the Fair Sentencing Act would be treated more favorably than defendants who committed the same offense after its enactment. Id. at *6. The court reasoned that eligibility for relief was properly tied to the statute of conviction, given that "Congress intended to rectify disproportionate and racially disparate penalties even where juries could have been asked to find higher drug quantities." Id. But in determining whether relief is appropriate, sentencing judges may, in their discretion, deny resentencing where "the specific conduct of the original offense still warrants the originally imposed sentence." Id.

As applied to the present case, Boulding compels the conclusion that Daniels is eligible for relief under the First Step Act. As described above, Daniels was convicted of two offenses under §§ 841(a)(1) and 846, involving over 50 grams of cocaine base, and of one offense under § 841(a)(1), involving over 5 grams of cocaine base. At the time of Daniels's sentencing, offenses involving 50 grams or more of cocaine base triggered a statutory penalty range of ten years' to life imprisonment, while offenses involving 5 grams or more of cocaine base triggered a statutory range of five to forty years' imprisonment. Those ranges were modified under the Fair Sentencing Act to five to forty years' imprisonment, and zero to twenty years' imprisonment, respectively.

Thus, Daniels's convictions under 21 U.S.C. §§ 841(a) and 846 constitute "covered offenses," thereby entitling him to consideration for a reduced sentence under the First Step Act.

### C. Process Under the First Step Act

Having determined that Daniels is eligible for relief under the First Step Act, the Court must next examine the necessary scope of review. Modification of a sentence under the First Step Act proceeds by way of 18 U.S.C. § 3582(c)(1)(B). United States v. Allen, 956 F.3d 355, 357 (6th Cir. 2020). Whether to reduce a sentence under the First Step Act is left to the discretion of the sentencing court. Pub. L. No. 115-391, § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."). In determining whether a reduction in sentence is warranted, courts may consider "all relevant factors," including post-conviction conduct, Allen, 956 F.3d at 357, and are "empowered to provide process and to consider resentencing factors as they see fit," Boulding, 2020 WL 2832110, at *7.

Defendants seeking a reduction in sentence under the First Step Act are not entitled to a plenary, or de novo, resentencing hearing, as argued by Daniels. See id. (citing United States v. Alexander, 951 F.3d 706, 708 (6th Cir. 2019)). However, some level of process is due. Specifically, the Sixth Circuit has held that "the necessary review—at a minimum—includes an accurate calculation of the amended guidelines range at the time of resentencing and thorough renewed consideration of the [18 U.S.C.] § 3553(a) factors." Id. at *8. Additionally, a defendant must be afforded an opportunity to present objections to the calculation of an amended sentence— whether by "written presentation or an oral argument is a case-specific decision within the scope of the district court's discretion." Id.

In light of a defendant's right to raise objections to an amended sentence, the Court directs the parties to submit supplemental briefing addressing the amended guidelines range applicable to

7

Daniels, the relevant sentencing factors under § 3553(a), and the appropriate sentence to be imposed. These briefs shall be filed no later than July 17, 2020.

### III. CONCLUSION

For the reasons discussed above, the Court grants Daniels's motion to supplement (Dkt. 385) and grants in part and reserves ruling in part on his motion for reduction of sentence (Dkt. 384).

SO ORDERED.

Dated: June 26, 2020　　　　　　　　　　　s/Mark A. Goldsmith
　　　Detroit, Michigan　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 26, 2020.

　　　　　　　　　　　　　　　　　　　　　s/Marlena Williams
　　　　　　　　　　　　　　　　　　　　　In the absence of KARRI SANDUSKY
　　　　　　　　　　　　　　　　　　　　　Case Manager