UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                         Case No. 06-cr-20234

v

                                         HON. MARK A. GOLDSMITH

AHMAD KHILIA DANIELS,

    Defendant.

_____/

**OPINION & ORDER
GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR
REDUCTION OF SENTENCE (Dkt. 384)**

       This matter is before the Court on Defendant Ahmad Khilia Daniels's motion for reduction of sentence under the First Step Act of 2018 (Dkt. 384). Following its initial determination that Daniels is eligible for consideration of a reduction of his sentence under the First Step Act, the Court directed the parties to submit supplemental briefing addressing the appropriate sentence to be imposed (Dkt. 401). Daniels filed a supplemental brief seeking a reduction in sentence to time served (Dkt. 402). The Government did not file a supplemental brief. For the reasons that follow, the Court grants in part and denies in part Daniels's motion for reduction of sentence. Daniels's sentence is reduced from 262 months' imprisonment to 244 months.

## I. BACKGROUND

       As the Court described the factual background of the case in detail in its previous opinion, it need not do so again for purposes of the present motion. See generally 6/26/20 Opinion (Dkt. 401). In relevant part, Daniels was convicted by a jury of several drug-trafficking and firearms

charges.[1] Based on a finding in the presentence report that Daniels was responsible for 1.5 to 4.5 kilograms of cocaine base, Daniels's guidelines range was 262 to 327 months' imprisonment. He was sentenced on February 6, 2009 to 262 months' imprisonment for the drug-trafficking offenses and to 120 months' imprisonment on the firearms offense, to be served concurrently. Judgment (Dkt. 278).

Daniels appealed his sentence, and the Sixth Circuit remanded the action to Judge O'Meara to make particularized findings regarding the quantity of cocaine base for which Daniels was responsible. United States v. Daniels, 396 F. App'x 257, 262 (6th Cir. 2010) ("Daniels I"). During a resentencing hearing held on June 21, 2011, Judge O'Meara found that Daniels was responsible for 10 kilograms of cocaine base. Resentencing Hr'g Tr. at 4 (Dkt. 336). Given the quantity at issue, Daniels's new sentencing guidelines range was 324 to 405 months' imprisonment. Id. at 11. Declining to impose a greater sentence following Daniels's appeal, Judge O'Meara re-imposed the original sentence of 262 months' imprisonment for the drug-trafficking offenses, and 120 months' imprisonment for the firearms offense, to be served concurrently. Am. Judgment (Dkt. 316). On appeal, the Sixth Circuit affirmed Judge O'Meara's findings regarding quantities and the corresponding sentence. United States v. Daniels, 506 F. App'x 399, 399-400 (6th Cir. 2012) ("Daniels II").

Having been in custody since April 4, 2006, Daniels has served 15 years of his sentence. His projected release date is October 29, 2024. In his present motion, he seeks a reduction of his sentence to time served. Def. Suppl. Br. at 8 (Dkt. 402).

---

[1] This matter was originally assigned to the Honorable John Corbett O'Meara and was reassigned to the undersigned on January 24, 2019. Judge O'Meara presided at Daniels's trial, initial sentencing, and resentencing.

2

## II. ANALYSIS

Having determined that Daniels is eligible for consideration of a reduction in his sentence under the First Step Act, the Court must determine the appropriate relief, if any. Modification of a sentence under the First Step Act proceeds by way of 18 U.S.C. § 3582(c)(1)(B). United States v. Allen, 956 F.3d 355, 357 (6th Cir. 2020). Although defendants seeking a reduction in sentence under the First Step Act are not entitled to a plenary, or de novo, resentencing hearing, the Sixth Circuit has held that "the necessary review—at a minimum—includes an accurate calculation of the amended guidelines range at the time of resentencing and thorough renewed consideration of the [18 U.S.C.] § 3553(a) factors." United States v. Boulding, 960 F.3d 774, 783-784 (6th Cir. 2020) (citing United States v. Alexander, 951 F.3d 706, 708 (6th Cir. 2019)). Additionally, a defendant must be afforded an opportunity to present objections to the calculation of an amended sentence. Id. at 784.

Ultimately, whether to reduce a sentence under the First Step Act is left to the discretion of the sentencing court. Pub. L. No. 115-391, § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."). In determining whether a reduction in sentence is warranted, courts may consider "all relevant factors," including post-conviction conduct. Allen, 956 F.3d at 357.

Upon examining Daniels's guidelines range, the § 3553(a) factors, and his post-conviction conduct, the Court determines it is appropriate to reduce his sentence by 18 months. First, the Court must consider the guidelines, "which are the 'starting point and initial benchmark' of its sentencing analysis." United States v. Bolds, 511 F.3d 568, 579 (6th Cir. 2007) (quoting Gall v. United States, 552 U.S. 38, 49 (2007)); see also Hughes v. United States, 138 S. Ct. 1765, 1773 (2018). Here, the parties agree that Daniels's current guidelines range, based on a quantity finding

3

of 10 kilograms of cocaine base, has been reduced from 324 to 405 months to 262 to 327 months.[2] Def. Suppl. Br. at 5-6; Gov't Resp. at 14 (Dkt. 396).

Daniels, however, urges the Court to refer to the guidelines range applicable to drug offenses involving 1.5 to 4.5 kilograms of cocaine base, the amount for which Daniels was held responsible at his first sentencing hearing. Def. Suppl. Br. at 6-7. He contends that doing so is proper because the Government sought to hold him responsible for a higher quantity of drugs on remand than it did at his original sentencing, purportedly in retaliation for appealing his sentence. Id.

This argument is unpersuasive. The Sixth Circuit determined that Daniels's sentence based on a quantity of 1.5 to 4.5 kilograms of cocaine base was procedurally defective and remanded with instructions for the district court to make particularized findings regarding the drug quantity. Daniels I, 396 F. App'x at 261-262. Judge O'Meara determined that Daniels was responsible for 10 kilograms of cocaine base, a finding the Sixth Circuit affirmed. Daniels II, 506 F. App'x at 399-400. To resentence Daniels based on the initial, procedurally improper quantity of 1.5 to 4.5 kilograms would ignore the Sixth Circuit's directive on remand and the subsequent resentencing. Nor is Daniels able to demonstrate prosecutorial or judicial vindictiveness, as he was not punished more severely on remand; rather, Judge O'Meara re-imposed the original sentence, which was significantly below his new guidelines range. See United States v. Perez, 79 F.3d 79, 81 (7th Cir. 1996) ("We have not found a case in which a defendant who was not punished more heavily the second time around . . . nevertheless successfully interposed a defense of judicial or prosecutorial

---

[2] This range is premised on a base offense level of 36 under U.S.S.G. § 2D1.1(c)(2), and a 2-level enhancement for possession of a dangerous weapon, for a total offense level of 38. With a criminal history level of II, Daniels's sentencing guidelines range under the 2018 Guidelines Manual is 262 to 327 months.

vindictiveness."); see also United States v. Rodgers, 278 F.3d 599, 604 (6th Cir. 2002) (holding that the presumption of judicial or prosecutorial vindictiveness does not apply when a defendant is resentenced to an equal or lesser aggregate term). Accordingly, the applicable guidelines range is 262 to 327 months.

Next, the Court considers the § 3553(a) factors, which include the nature and circumstances of a defendant's offenses, the seriousness of the offenses, the need to promote respect for the law, and the need to protect the public from further crimes by the defendant. Daniels was convicted of serious offenses that involved a conspiracy to distribute crack cocaine—which is classified as a Schedule II controlled substance due to its high abuse risk—and the possession of firearms. According to codefendant Labaron Wardlaw, the leader of the conspiracy, he and Daniels began the drug distribution conspiracy in 2004. Presentence Report ("PSR") ¶ 24. During the formative period of the conspiracy, Daniels took an active role in planning and selecting a location from which to operate. Sentencing Hr'g at 6 (Dkt. 291). Throughout the conspiracy, Daniels assisted in operating and managing the drug distribution when Wardlaw was out of town. Gov't Sentencing Mem. at 7 (Dkt. 275). Daniels was involved in all aspects of the conspiracy, including packaging the drugs, selling the drugs, and collecting the proceeds from other coconspirators. Id.

Further, Daniels engaged in violence in furtherance of the conspiracy. For example, he fired shots into a codefendant's house to intimidate her. Id. at 7-8. Additionally, Daniels, along with Wardlaw and another coconspirator, was involved in a shoot-out with men who purportedly attempted to rob one of the drug houses. Id. at 8. When Daniels located the men, he fired three shots toward them, later commenting to Wardlaw that his aim must have been off because he usually does not miss. Id.

5

Daniels's criminal history is also significant for a violent felony. His criminal history began at the age of 18, when he was convicted of resisting and obstructing police after fleeing from officers who attempted to stop him for driving a stolen vehicle. PSR ¶ 53. Less than a year later, Daniels was convicted of assault with intent to murder. Id. ¶ 54. That incident involved a domestic situation in which Daniels shot a man in the chest twice because he had assaulted Daniels's girlfriend. Id. ¶ 55. Daniels pleaded no contest to the charge and was sentenced to 12 to 20 years in custody. Id.

Notwithstanding the seriousness of Daniels's convictions, his conduct in prison has been exemplary. Over the 15 years of his incarceration, Daniels has not received any disciplinary sanctions. Moreover, he has completed 347 hours of educational programming, including classes in real estate investment, cardmaking, personal finance, and entrepreneurship. Daniels is currently incarcerated at Federal Prison Camp Montgomery, a minimum-security prison. At his previously designated prison, FCI Elkton, he worked as a visiting room orderly. His responsibilities in that capacity included cleaning the visiting room and walking outside the secure area of the institution to remove trash. See Def. Suppl. Br. at 7-8. Additionally, between 2013 and 2015, Daniels worked as a data processor preparing patents for publication. Id. at 8. Daniels's commendable behavior and productivity during his 15 years in custody demonstrates that he has made significant progress toward rehabilitation.

It is clear from the record that Judge O'Meara believed that 262 months was an appropriate sentence for Daniels's offenses. Because Judge O'Meara had the benefit of presiding over trial and hearing the evidence presented against Daniels, the Court accords his sentencing determination some deference. See, e.g., United States v. Williams, 817 F. App'x 164, 167 (6th Cir. 2020) (noting that an appellate court "must give 'due deference' to a district court's balancing of the

6

§ 3553(a) factors"); United States v. Poynter, 495 F.3d 349, 352 (6th Cir. 2007) (noting that the district court is entitled to deference in its sentencing decisions because of its "ring-side perspective on the sentencing hearing and its experience over time in sentencing other individuals"). In view of the seriousness of Daniels's offenses, the Court agrees that his current sentence of 262 months—which is at the lower end of the guidelines range—is an appropriate benchmark.[3]

Nevertheless, the deference accorded to Judge O'Meara is tempered by this Court's ability to assess Daniels's conduct and rehabilitation over time, factors that the Sixth Circuit has determined are relevant to the resentencing analysis. See Allen, 956 F.3d at 358 (emphasizing the importance of considering the § 3553(a) factors, including post-sentencing conduct, because "[t]he judges considering First Step Act motions will frequently not be the original sentencing judges" and would, consequently, either be reliant on the previous judge's explanation of the sentence or would be required to recreate the record years later). Given that Daniels has been a model prisoner and has made commendable efforts toward rehabilitation, the Court determines that an 18-month reduction in his sentence is appropriate. Accordingly, the Court reduces Daniels's sentence to 244 months.

### III. CONCLUSION

For the reasons discussed above, the Court grants in part and denies in part Daniels's motion for reduction of sentence (Dkt. 384).

---

[3] The Court declines to grant a downward departure proportionate to the departure Judge O'Meara applied on resentencing. Daniels's original sentence of 262 months was premised on a guidelines range of 262 to 324 months. Because the same guidelines range applies here, the Court finds that 262 months is the proper reference point and is supported by the relevant factors. See United States v. Thornton, No. 20-5906, 2021 WL 457912, at *2 (6th Cir. Jan. 22, 2021) (affirming a district court's decision not to grant a proportionate downward departure when reducing a defendant's sentence under the First Step Act).

SO ORDERED.

Dated: March 31, 2021
      Detroit, Michigan

s/Mark A. Goldsmith
MARK A. GOLDSMITH
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 31, 2021.

s/Erica Karhoff on behalf of
KARRI SANDUSKY
Case Manager

8